## DOUGHNUT MACH. CORPORATION v. JOE–LOWE CORPORATION et al.
### No. 3487.

Circuit Court of Appeals, Fourth Circuit.
June 11, 1934.

On rehearing.

For former opinion, see 67 F.(2d) 135.

Josiah W. Bailey, of Raleigh, N. C., and Frank B. Fox, of Philadelphia, Pa. (Henry N. Paul, of Philadelphia, Pa., O. B. Duckett,

424

Jr., of Annapolis, Md., Fraley & Paul, of Philadelphia, Pa., and Adams & Hargest, of Baltimore, Md., on the brief), for appellant.

Edwin F. Samuels and Charles Markell, both of Baltimore, Md., for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and WATKINS, District Judge.

PER CURIAM.

A further consideration of the questions involved in this case, in the light of the briefs and arguments on rehearing, convinces us of the correctness of the opinion heretofore filed. The principal argument of the appellant upon rehearing is that the combination covered by the claims relied on is patentable because of its inclusion of a new cutting device consisting of a cutter disc and sleeve, both with sharp cutting edges. Indeed, one of counsel for appellant admitted that, without this element, the combination claimed by appellant would not be patentable. A careful examination of the claims relied on, however, shows that the sharpness of the cutting edges of the cutting disc and sleeve is not covered by them, in combination or otherwise. And, as pointed out in our former opinion, the cutting device of the patent involves nothing beyond the reach of mere mechanical skill, and claims attempting to cover it were rejected by the patent office and abandoned by the applicant. It is obvious that a mere aggregation of elements old in an art is not rendered patentable by reason of the fact that a change not rising to the dignity of patentable invention is made with respect to one of them. For the reasons set forth in our former opinion, we think that plaintiff's patent is void as mere aggregation and as entirely lacking in the elements of patentable combination; and we shall adhere to what was there said as the opinion of the court. The decree appealed from will accordingly be affirmed.

Affirmed.